239 So.2d 863 (1970)
Marvin Eugene FISHER, Appellant,
v.
The STATE of Florida, Appellee.
No. 70-321.
District Court of Appeal of Florida, Third District.
October 13, 1970.
*864 Hughlan Long, Public Defender, and Louis Vernell, Miami Beach, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, BARKDULL and HENDRY, JJ.
PER CURIAM.
The appellant was charged in separate informations with the crimes of robbery and assault with intent to commit robbery, to which he pleaded not guilty and upon which he was tried on April 27, 1967, in the Criminal Court of Record of Dade County, found and adjudged guilty and sentenced to imprisonment for terms of fifteen and five years respectively, to run concurrently. On appeal to this court, the judgments were affirmed. 208 So.2d 521.
On March 12, 1970, the appellant filed a motion under Rule 1.850 CrPR, 33 F.S.A., for relief from the judgments and sentences. The trial court denied the motion. On this appeal therefrom the appellant argues that the trial court erred in denying his motion for relief contending there was an absence of probable cause for his arrest, and that he was denied effective assistance of counsel at the trial.
We have considered those contentions in the light of the record and briefs and find them to be without merit. The matter to which appellant's first contention relates was presentable by appeal, and in fact was raised on his appeal which resulted in affirmance of the judgments. See Whitney v. State, Fla.App. 1966, 184 So.2d 207, 209.
Regarding the contention relating to representation by counsel at trial, appellant argues he was denied effective representation by the public defender because the assistant public defender who represented him at the trial was not the same as the assistant public defender who had acted in his behalf in the proceedings prior to trial. We reject that argument of the appellant on the authority of Cole v. State, Fla.App. 1965, 172 So.2d 607, 608. The ground there asserted is not a basis for claiming error in the absence of a showing on the record of timely objection by or on behalf of the defendant to having a trial proceed with an appointed attorney different from that who had represented him and with whom he had consulted earlier, and then only upon a showing that prejudice resulted. Moreover, as shown by the case just cited, that matter was one presentable on direct appeal from the judgment. As such it was not a proper ground for seeking relief under Rule 1.850 CrPR. See Whitney v. State, supra. Appellant also contended he was denied effective representation in that the assistant public defender who represented him at the trial had not previously conferred with him with reference to the case. The trial court was not in error in rejecting that contention. See Simpson v. State, Fla.App. 1964, 164 So.2d 224. Additionally, in this case the appellant had the benefit of representation by an assistant public defender in the proceedings prior to trial, and does not assert that the latter did not confer with him regarding the case. Nor was the trial court in error in discounting, as being a ground of the motion without merit, the contention that the appellant was denied effective representation because of failure of his appointed counsel to move to suppress certain evidence. That was a matter within the range of judgment or strategy of counsel, which, even if it should represent bad judgment, *865 does not constitute ground for collateral attack of the judgment on motion. Simpson v. State, supra.
Affirmed.