THOMPSON, Judge.
This is an appeal from judgment of guilt and sentences for the crimes of robbery and aggravated assault. We affirm.
Upon trial of a two-count information charging armed robbery and kidnapping, appellant was convicted by a jury of armed robbery as charged in Count I and of aggravated assault as a lesser included offense to the kidnapping charged in Count II. Appellant received separate sentences, to be served consecutively. Because appellant used a firearm in the commission of her crimes, separate consecutive mandatory minimum terms of three years were imposed pursuant to § 775.087(2), Fla.Stat. (1979).
In urging reversal, appellant first contends that because aggravated assault is a lesser included offense to armed robbery, and because her two crimes were committed in the course of a single criminal transaction, the imposition of separate sentences was contrary to the provisions of § 775.021(4), Fla.Stat. (1979).[1] We cannot agree.
Aggravated assault may be an assault with a deadly weapon without intent to kill or it may be an assault with intent to commit a felony. § 784.021(1), Fla.Stat. (1979). While it is true that the offense of aggravated assault can be a lesser included offense to both armed robbery and kidnapping, the jury in this case expressly found that the assault committed by appellant was a lesser included offense under Count II of the information charging kidnapping. By this verdict, the jury determined that the assault committed by appellant was not a lesser included offense to the armed robbery she committed. Therefore, the trial judge did not err in imposing separate sentences for the two crimes.
Appellant’s second contention is that the trial judge erred in imposing mandatory minimum sentences pursuant to § 775.087(2), Fla.Stat., since the evidence was insufficient to establish that appellant had actual, as opposed to vicarious, possession of a firearm during the commission of the crimes. This contention is without merit. *101 There was more than adequate evidence to support the jury’s determination that appellant had actual physical possession of a firearm from time to time during the pendency of the subject criminal episode.
AFFIRMED.
BOOTH and WENTWORTH, JJ., concur.

. § 775.021(4), Fla.Stat. states in part:
(4) Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses ....