NIMMONS, Judge.
Haskins appeals from a conviction and sentence for armed robbery and aggravated assault. We affirm.
Haskins and a female accomplice, Frankie Darlene Baggett, entered a drugstore with a handgun and forced the pharmacist to open the store safe and give them drugs. Haskins and Baggett held the pharmacist and others on the premises at gunpoint for a period of time while they swal *390 lowed and injected themselves with the drugs. Haskins telephoned the Sheriff’s Office, stated that he was holding hostages and demanded that the Sheriff come to the store. Shortly thereafter, Haskins released everyone in the store except the pharmacist and one customer. A deputy sheriff arrived and Haskins released the pharmacist. When the Sheriff arrived, Haskins released the last customer. Haskins demanded that the Sheriff call two local television stations and ask that they come to the scene so that Haskins could make a statement. The Sheriff did so and television camera crews arrived shortly thereafter. Haskins and Baggett continued to inject the stolen drugs while their activities in the store were videotaped. The tape showed Baggett with a belt around her neck and Haskins attempting to stick a vein in Baggett’s neck with a needle and syringe. The sound track also picked up Haskins’ “ranting” and cursing. When Haskins put the gun down, the deputy grabbed it and arrested Haskins and Baggett.
Haskins was charged with robbery with a firearm and kidnapping and pled not guilty by reason of insanity. Haskins objected at trial to the admission in evidence of the videotape. He contends on appeal that the events which occurred after the victim, the pharmacist, left the premises were irrelevant and prejudicial. We disagree.
In the first place, the activities of the defendant and his accomplice shown on the videotape were graphically corroborative of the testimony of the occupants of the store as to the defendant’s actions and conduct at the time that the robbery and kidnapping were being committed. Secondly, the defendant’s state of mind was highly relevant in view of the defense of insanity. The defense had filed a notice of intent to rely upon the defense of insanity. Further, during his opening statement, defense counsel announced to the jury that the insanity defense would be raised during the trial.
Haskins also attacks the judgment and sentence for the offense of aggravated assault which was imposed pursuant to the jury’s verdict as to the second count. The second count charged the defendant with kidnapping. The victim in both counts was the pharmacist. Without objection, the court instructed the jury on aggravated assault as a lesser-included offense of the kidnapping count. Haskins claims that the aggravated assault was a lesser-included offense under the armed robbery charge in Count I and that he cannot be sentenced on both the armed robbery and the lesser-included offense. The evidence in this case supported separate charges of armed robbery and kidnapping. See Dowdell v. State, 415 So.2d 144,145 (Fla. 1st DCA 1982). The same argument was made by accomplice Baggett on her appeal from similar convictions. For the reasons set forth in this Court’s opinion in Baggett v. State, 424 So.2d 99 (Fla. 1st DCA 1982) we reject the defendant’s attack on the aggravated assault judgment and sentence.
AFFIRMED.
BOOTH and WIGGINTON, JJ., concur.