513 So.2d 791 (1987)
Clyde W. HARDIE, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-2552.
District Court of Appeal of Florida, Fourth District.
October 14, 1987.
Peter Grable of the Law Office of Peter Grable, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Penny H. Brill, Asst. Atty. Gen., West Palm Beach, for appellee.
*792 DELL, Judge.
A jury found appellant guilty of grand theft. He contends the trial court erred when it permitted five Metro-Dade police officers to express their opinions as to the identity of the persons depicted in a videotape recording of the commission of the crime. We agree and reverse. We do not need to address appellant's argument concerning his motion to sever trial of his case from that of a co-defendant.[1]
Appellant, Anthony Fields, and James Cochran were charged with grand theft in the first degree, for a "smash and grab" at a jewelry department store. The theft took place during store hours and was videotaped. Appellant, together with the other defendants, filed a pretrial motion in limine to exclude the testimony of five Metro-Dade police officers. Appellant joined in the argument of the co-defendant, Fields, that: the police officers' testimony would be opinion evidence contrary to section 90.701, Florida Statutes (1985); the jury would have the opportunity to view the videotape themselves therefore there was no need for the officers' testimony; and the testimony would be unduly prejudicial and cumulative because the police officers' testimony would imply they (the defendants) had prior records or that the officers had dealt with them in previous arrest situations.[2] The trial court denied the motions in limine. During trial, the defendants made a continuing objection to the officers' testimony on the same grounds.
Appellant raises the same points on appeal as were raised at the time of the motion in limine and during trial. We find no merit in appellant's argument that the trial court should have excluded the officers' testimony because it constituted opinion evidence. The officers based their identification of appellant from their prior knowledge and contacts with appellant. Their testimony as it related to the videotape did not constitute hearsay because the videotape had been properly admitted into evidence. See Huff v. State, 437 So.2d 1087 (Fla. 1983) and Haskins v. State, 428 So.2d 389 (Fla. 1st DCA 1983). However we find merit in appellant's contention that he suffered prejudice as a result of the witnesses being identified as police officers and then testifying concerning his identity because it created the impression that he had been involved in other criminal activities or had a prior record.
The Fourth Circuit Court of Appeal in United States v. Allen, 787 F.2d 933 (4th Cir.1986) found no error in the admission of testimony from a police officer and a parole officer who identified the defendants as the individuals in a bank's surveillance photographs. The court concluded that the photographs gave only limited views of the defendants and that the opinion testimony of the witnesses (based upon their personal previous observations of the men) was helpful to the jury. The court rejected appellant's suggestion that identification as to witnesses should be considered helpful only when a defendant's appearance had changed between the crime and trial. While Allen furnishes clear support for the admission of the police officer's testimony, it also furnishes the basis for our conclusion that under the facts of this case, appellant suffered prejudice when the five officers identified themselves as Metro-Dade police officers in connection with their ability to identify appellant.
In Allen the court rejected appellant's contention that the jury could easily conclude *793 that the witnesses were law enforcement officials and attribute a history of criminal activity to the defendants. The court stated:
Nothing at trial gave the jury any reason to conclude that McDonald and Garrison were involved in law enforcement. The court specifically instructed the prosecution not to divulge the occupation of either witness before the jury, and neither direct nor cross-examination hinted at this information. We reject appellants' speculation that, despite the restrictions on the testimony of these witnesses, "the jury obviously knew who and what they were." To do otherwise would impose a per se prohibition on testimony by police and parole officers on the conjecture that all such personnel fit some readily discernible personality profile.
Id. at 937.
The Eighth Circuit Court of Appeal reached the same conclusion in United States v. Farnsworth, 729 F.2d 1158 (8th Cir.1984). While approving the admission of lay-witness opinion evidence concerning the defendant's identity, the court again stressed neither of the parole officers identified his employment or his relationship with the defendant.
The court directed the government not to delve into the circumstances of the parole officer's relationships with the defendant. On direct examination, the government brought out only the number of times each witness had seen the defendant and the duration of those visits. On cross-examination, the defense counsel chose to limit his inquiry in a way that did not reveal the defendant's parolee status.
We are bound to follow the reasoning of our own court in [United States v.] Sostarich [684 F.2d 606 (8th Cir.1982)] and reject the holding of United States v. Calhoun [544 F.2d 291 (6th Cir.1976)], supra. We thus hold the district court did not abuse its discretion in admitting the parole officers' identification testimony. Accord United States v. Butcher, 557 F.2d 666, 670 (9th Cir. 1977). Because of the constraints on cross-examination, however, we do not encourage the use of lay opinion identification by police or parole officers. They should be used only when no other adequate identification testimony is available to the prosecution.
Id. at 1161.
Each of the five Metro-Dade police officers identified themselves and their occupation as a police officer. An example of the type of testimony given can be found in this brief excerpt from one of the officers' testimony:
Q. How long have you known Mr. Hardie?
A. I ran into Mr. Hardie probably four or five years ago while I was involved in another 
Q. I don't want you to go into any detail. I just want to know how long you have known him.
A. Approximately four or five years. A specific time I couldn't give you.
Q. Approximately how many times have you seen him?
A. I would venture to guess maybe two or three on the street without having contact with him.
Q. How many times have you had contact with him?
A. Just the one time that I can remember, he was with someone else when I was involved in another investigation.
Q. Again I am asking you not to give any detail.
How long have you known Mr. Fields?
A. About four years, also, ma'am.
Q. Approximately how often have you seen him?
A. I was involved in two investigations involving him.
The trial court should have instructed the state and the witnesses not to divulge the nature of the witnesses' occupation or the circumstances of their involvement with the appellant, as the courts did in Allen and Farnsworth. The cumulative nature of the five police officers testifying that they were acquainted with appellant and the direct reference to appellant being involved in an investigation makes it inconceivable *794 that the jury would not have concluded that appellant had been involved in prior criminal conduct. We are satisfied from this record that appellant suffered prejudice and was denied a fair trial from the disclosure of the police officers' occupation in conjunction with their ability to identify appellant.
We reverse appellant's conviction and remand this case for a new trial.
REVERSED and REMANDED.
DOWNEY and STONE, JJ., concur.
NOTES
[1] The three defendants were tried together. The jury exonerated James Cochran and found appellant and Anthony Fields guilty as charged. Anthony Fields has also appealed his conviction and sentence in Case No. 4-86-2609.
[2] Defense counsel illustrated this concern as follows:

There is no way around that to adequately represent our clients and cross-examining these officers, where they derived their knowledge from.
Without impeaching them and saying, yes, isn't it true that Mr. so and so  officer so and so, that the reason you know my client is because you met him once, and some of these officers have only come in contact with my client once or twice in a ten-year period, and you know him how?
By arresting him.
The only way they know any of these clients is by virtue of them being a police officer.