PER CURIAM.
This is an appeal from a conviction for sale of cocaine.
Appellant sold cocaine to an undercover agent and a videotape of the transaction was made. At trial the undercover agent was tentative in his identification of appellant because appellant’s appearance had been changed since the sale. To support and confirm the identification of appellant the state presented, over objection, the testimony of another person, Kenny Williams, who said he had known appellant for approximately ten years and that the *869 person depicted in the videotape selling the cocaine is the appellant. He first made the identification from the videotape in order to provide the identity of the seller for arrest purposes. He next made the identification of appellant in court for the jury. Kenny Williams is a police officer in the same department which made the case against appellant but the jury was never told that Williams was a policeman. Appellant’s attorney specifically did not object on the basis that Williams was a policeman: “Your honor, my objection isn’t based on the fact that Mr. Williams is a police officer, law enforcement officer, my objection is based on the fact is we are substituting Mr. Williams for the jury’s decision.”
We can find some legitimacy in appellant’s argument that the testimony of Williams was an invasion of the province of the jury. It is an ultimate determination for the jury whether the person on the tape, and who sold the cocaine, is appellant. However, because appellant had somewhat changed his appearance from the time the tape was made to when the trial was held, assistance by a witness, to correlate the two images and identify the appellant, is an aid to the jury. In the videotape appellant wore a billed cap, dark sunglasses, short hair and a beard. At trial he did not wear a cap or sunglasses, had longer hair with a ponytail and apparently no beard. The record of testimony is unclear about the beard. Although the agent who purchased the cocaine did identify appellant in the courtroom he told the jury that he had never seen appellant before and that the identification was a bit hard to do. Appellant’s defense was identity and Williams was offered to counter that defense. The admission of the testimony was within the judge’s discretion and it was proper to admit the testimony in this case. See and compare Hardie v. State, 513 So.2d 791 (Fla. 4th DCA 1987), rev. den., 520 So.2d 586 (Fla.1988).
It was error for the trial judge to impose the payment of costs upon appellant without notice and a chance to be heard so we must quash that order and remand for notice and hearing in that matter.
AFFIRMED in part; REVERSED in part; REMANDED.
SHARP, C.J., and DAUKSCH and GOSHORN, JJ., concur.