579 So.2d 145 (1991)
Pedro GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2329.
District Court of Appeal of Florida, Third District.
March 26, 1991.
Rehearing Denied June 7, 1991.
Roy L. Taylor and Margaret S. Brodsky, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before NESBITT, COPE and GERSTEN, JJ.
PER CURIAM.
Appellant, Pedro Gonzalez, appeals the denial of his motion for post conviction relief. We affirm.
On plenary appeal, this court affirmed appellant's conviction for first degree murder. *146 Gonzalez v. State, 543 So.2d 386 (Fla. 3d DCA 1989).
Appellant then sought post conviction relief based on a claim of ineffective assistance of counsel. Appellant claimed that his attorney improperly admitted collateral evidence which prejudiced him.
At the hearing on the motion, appellant's trial attorney testified that the decision to admit the evidence of which appellant now complains, was a joint one. Appellant's trial attorney testified that he and appellant discussed the risks and advantages of entering the complained of testimony into evidence. The attorney characterized these evidentiary decisions as "tactical."
Tactical or strategic decisions of counsel do not justify post conviction relief. Buford v. State, 492 So.2d 355 (Fla. 1986); Straight v. Wainwright, 422 So.2d 827 (Fla. 1982). Even where the tactical decision evinces bad judgment, relief is not justified. Fisher v. State, 239 So.2d 863 (Fla. 3d DCA 1970).
Finally, in order to obtain relief, appellant must not only show that the errors committed by counsel fell outside the range of professionally acceptable performance, but also that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The evidence against appellant was overwhelming and included the testimony of two eye witnesses.
Accordingly, we affirm, finding that appellant has failed to show any basis for relief.