589 So.2d 372 (1991)
Maurice Bernard WOODEN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-523.
District Court of Appeal of Florida, First District.
November 12, 1991.
Rehearing Denied December 18, 1991.
*373 Maurice B. Wooden, pro se.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Maurice Bernard Wooden has appealed an order of the trial court summarily denying his motion for post-conviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm.
On September 10, 1990, Wooden pled nolo contendere to aggravated battery. He was sentenced to a 20-year term of incarceration, including a 3-year minimum mandatory term for use of a firearm. He filed the instant petition on January 14, 1991, alleging that: 1) it was error to impose the minimum mandatory term when it was not proven that a firearm was used, and 2) his counsel was ineffective. As support for the latter ground, Wooden made the general allegations that counsel coerced his plea, and failed to conduct proper pre-trial investigation. The trial court summarily denied the motion, finding that both grounds should have been raised on direct appeal.
The trial court was correct as to the first ground, and we affirm as to that ground. However, it is well-settled that ineffective assistance of counsel is not properly raised on direct appeal, but rather by motion pursuant to Rule 3.850. See Gardner v. State, 550 So.2d 176 (Fla. 1st DCA 1989). Based on this error, this court requested a response from the Attorney General's office pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986). The state responds that, as to the allegation of ineffective assistance, the trial court erred in denying the motion on the stated ground. It nevertheless urges affirmance based on the conclusory nature of the allegation, citing Flint v. State, 561 So.2d 1343, 1344 (Fla. 1st DCA 1990) (a 3.850 motion is facially insufficient when the allegations thereof contain mere conclusions).
We agree that, as to the allegation of ineffective assistance of counsel, the trial court's order should be affirmed on grounds of facial insufficiency as the allegations are mere conclusions without recitation of sufficient factual detail. See Robinson v. State, 393 So.2d 33, 35 (Fla. 1st DCA 1981) (if a trial court's order is sustainable under any theory revealed by the record on appeal, notwithstanding that it may have been entered for erroneous reasons, the order will be affirmed).
Affirmed.
BOOTH and WOLF, JJ., concur.