637 So.2d 998 (1994)
Terry ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3369.
District Court of Appeal of Florida, First District.
June 8, 1994.
Terry Robinson, pro se.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Sr. Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, Terry Robinson, appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant raises numerous grounds in his motion. Apart from the two grounds discussed below, we conclude that appellant's motion was appropriate for summary denial. We affirm in part and reverse in part.
Appellant was convicted of possession of cocaine with intent to sell. Appellant asserts that he was denied effective assistance because defense counsel failed to object to the following statement made by the prosecutor during closing argument:
These veterans of the Jacksonville Police Office, 20 years plus in Detective Lingenfelter's case I submit are not going to go up there, raise their hand and swear to tell the truth and lie. Why are they going to risk their lengthy careers with the Jacksonville Sheriff's Office on this one case? That they stumbled into actually?
Appellant asserts that the trial boiled down to the credibility of witnesses and that the prosecutor's comment on the credibility of the police officers' testimony contributed to his guilty verdict. A prosecutor may not properly argue that a police officer's testimony should be believed simply because he or she is a police officer or that police officers would not testify falsely because they have too much at stake and would not risk their jobs. Clark v. State, 632 So.2d 88 (Fla. 4th DCA 1994).
The trial court summarily denied appellant's claim based on a finding that defendant's claim involved an evidentiary matter which should have been raised on direct appeal. It is well-settled that ineffective assistance of counsel claims are properly raised by motion pursuant to Rule 3.850, rather *999 than direct appeal. Wooden v. State, 589 So.2d 372 (Fla. 1st DCA 1991).
The trial court further found that even if the court accepted appellant's allegations as true, appellant may not prevail because appellant's allegations involve matters within the judgment and strategy of trial counsel. The trial court cites Gonzalez v. State, 579 So.2d 145 (Fla. 3d DCA 1991). Gonzalez involved a trial court's ruling after an evidentiary hearing on allegations of ineffective assistance of counsel. Although defense counsel is entitled to broad discretion regarding trial strategy, when a court is confronted with a claim of ineffective assistance of counsel, a finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentiary hearing. Thomas v. State, 634 So.2d 1157 (Fla. 1st DCA 1994); Gordon v. State, 608 So.2d 925 (Fla. 3d DCA 1992); Davis v. State, 608 So.2d 540 (Fla. 2d DCA 1992); Harley v. State, 594 So.2d 352 (Fla. 2d DCA 1992); Dauer v. State, 570 So.2d 314 (Fla. 2d DCA 1990).
Appellant further asserts that the trial court improperly imposed the maximum penalty of 30 years under the habitual offender statute based, in part, on the prosecutor's statement that appellant committed perjury during trial. The trial court found appellant's claim lacked merit, but did not attach portions of the record substantiating its findings. A trial judge's opinion as to whether a defendant testified falsely should not enter into a decision to impose a harsher sentence unless the court is determining the sentence after a separate perjury conviction. City of Daytona Beach v. Del Percio, 476 So.2d 197 (Fla. 1985); Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984).
Since the record before us fails to show that appellant is entitled to no relief on these claims, we reverse for an evidentiary hearing or for attachment of portions of the record demonstrating that appellant is entitled to no relief. We affirm as to all other grounds rejected in the trial court's order.
AFFIRMED in part, REVERSED in part and REMANDED with instructions.
MINER, WEBSTER and DAVIS, JJ., concur.