651 So.2d 127 (1995)
STATE of Florida, Appellant,
v.
James Ronald COMPO, Appellee.
No. 92-03321.
District Court of Appeal of Florida, Second District.
February 10, 1995.
*128 Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellant.
No appearance for appellee.
PER CURIAM.
The state appeals the trial court order granting a new trial. Because we conclude that the trial court abused its discretion, we reverse.
The defendant, James Ronald Compo, Jr., was charged by information with burglary of a structure while wearing a mask and with possession of burglary tools. On August 25, 1992, prior to trial, the trial court addressed the defendant's motion in limine which urged the exclusion of portions of audio and video taped evidence. The state argued that the taped evidence would be admissible if the defendant asserted an entrapment defense. The trial court deferred ruling on the motion in limine until after opening arguments.
During opening arguments, defense counsel argued the entrapment defense extensively. After the conclusion of opening arguments, the trial court again heard arguments on the defendant's motion in limine. The state again argued that the taped evidence was relevant to rebut the entrapment defense. In ruling on the motion in limine, the trial court found that portions of the taped evidence were relevant to rebut the entrapment defense asserted in the defendant's opening statement. The state then presented its case in chief, during which it attempted to present a rebuttal to the entrapment defense. During cross-examination of the state's witnesses, defense counsel attempted to establish an entrapment defense.
At the close of the state's case in chief, the defendant moved for a judgment of acquittal, asserting both objective and subjective entrapment. The trial court denied the motion and the defendant rested without presenting any witnesses or other evidence. The defendant then renewed his motion, which the trial court again denied.
Prior to the charge conference, the court conducted further hearing on the issue of entrapment. After considering the arguments of counsel, the court ruled that the state had met its burden of showing no objective entrapment. Defense counsel then indicated that he was not going to rely on subjective entrapment. Thereupon, the following discussion took place:
THE COURT: So that means that there is no entrapment defense for the jurors to consider.
[THE STATE]: That still creates one problem which the State brought up; and I don't know how that can be remedied. I mean, if he's not relying on subjective entrapment, and he has indicated to the jury which would, as I understand it, have nothing to do with objective entrapment. He's indicated to the jury that he is relying on subjective entrapment.

*129 There should be some indications to the jury that entrapment is not an issue. It shouldn't be left out there as a mindful issue. And I don't know how that would be 
THE COURT: I intend to advise the jurors that there are two forms of entrapment; one as a matter of law, objective, and one is subjective. I will read from the instruction of 3.04C2, indicating that at one point the defensive [sic] entrapment had been raised; that a definition of entrapment is, if the defendant was for the purposes of obtaining evidence, the commission of the crime induced or encouraged to engage in conduct constituting any crime charged, or the crimes charged. That defense has been waived and released.
And as to the second, objective entrapment, that the Court has ruled as a matter of law, it's not applied.
That's the only way I can address it, is to tell them what it is and tell them it doesn't apply.
After the charge conference and just prior to closing argument, the following exchange took place:
[THE STATE]: Just so I understand for sure, if I understand the ruling of the Court, Mr. Bell [DEFENSE COUNSEL], is he going to be arguing the subjective entrapment since he has 
THE COURT: No, he's waived that.
[THE STATE]: He's waived that decision?
THE COURT: If I understand his comment to the Court, he has indicated that he has waived that so as to prohibit, at least in my mind, although he articulated the use of similar fact evidence that might otherwise come in.
The Court has ruled that objective entrapment is a matter of law, therefore, it can't be argued.
[THE STATE]: Will the court be giving an instruction prior to argument because  and the second question is, will the Court  not the instruction on entrapment  but, will the Court be allowing the State since it is before the jury, to be arguing against the entrapment issue or to, basically, say, the Judge is going to instruct you, and so on?
THE COURT: I think either one of you can make the appropriate comment; that you believe the Judge is going to give the following instruction regarding entrapment if you wish to do so. But I would advise that since there is no subjective entrapment, Mr. Bell [DEFENSE COUNSEL] has waived that, and I have ruled as a matter of law there is no objective entrapment. There need not be any argument about entrapment. But if you want to say, the Court is going to address the matter, or, the Judge is going to tell you the following; and then move on. I'm not going to stop you from briefly referring to it. I'm just not going to put it to be debated.
During closing arguments, counsel for the state discussed the issue of entrapment on two separate occasions, making specific reference to the jury instruction to be read by the court. No objections were made. However, at the conclusion of the state's closing argument, the defendant moved for a mistrial based on improper prosecutorial comment. The trial court deferred ruling and directed the trial to proceed. The jury found the defendant guilty of burglary of a structure while wearing a mask and possession of burglary tools while wearing a mask. After the jury was excused, the trial court heard further argument and orally granted the defendant's motion for mistrial. Thereafter, a written "order granting new trial," was entered.[1]
We conclude the order granting a new trial was an abuse of discretion. In United States v. Cole, 755 F.2d 748, 767 (11th Cir.1985), the court indicated that when determining whether a prosecutor's comments warrant granting a new trial, a court must consider: (1) whether the remarks were improper, and (2) whether they prejudicially *130 affected the substantive rights of the appellant. The court further stated that the legal metes and bounds of a prosecutor's arguments are defined by the evidence before the jury.
In the instant case, the statements by the state during closing argument responded to arguments and suggestions raised by the defendant during trial. The entrapment defense was the primary focus of the defendant's opening argument and it was a significant issue throughout the trial. The defense was only abandoned at the end of the trial. At that point, the issue was firmly planted in the jury's mind. The state's comments fell into the category of "invited response." Fundamental notions of fairness required that the state be allowed to comment on the entrapment issues raised by the defendant. See Dufour v. State, 495 So.2d 154 (Fla. 1986), cert. denied, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987). Furthermore, because the evidence adduced against the defendant was overwhelming, the comments, if error, were harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Accordingly, we reverse the order granting a new trial and remand for further proceedings consistent with this opinion.
DANAHY, Acting C.J., and SCHOONOVER and FULMER, JJ., concur.
NOTES
[1] Although the order purports to grant the defendant's motion for mistrial, the order is the equivalent of an order granting new trial entered after the jury verdict and, therefore, may be appealed pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(C). See State v. Stevens, 563 So.2d 188 (Fla. 1st DCA 1990).