673 So.2d 974 (1996)
Keith Cecil WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2288.
District Court of Appeal of Florida, First District.
May 29, 1996.
Nancy Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Jean-Jacques A. Darius Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
On appeal from a judgment of conviction and sentence for possession of cocaine, appellant contends that improper argument by the state's prosecutor in closing argument to the jury mandates reversal. We agree and reverse.
Several Jacksonville Sheriff's deputies were on bicycle patrol when they noticed the smell of marijuana which they believed was coming from the "cigar" they observed appellant smoking. When appellant noticed the officers approaching, he dropped the cigar and began walking away. According to the officers' testimony, one officer stopped, picked up the "cigar," and approached appellant. The officer told appellant to place his hands on the wall, and that he was under arrest. A second officer who had also approached appellant observed appellant place a soft drink can on a window sill, and place a matchbox down beside the can. The second officer picked up the matchbox, opened it up, and determined through a field test that the matchbox contained cocaine. Appellant conceded that he was being "busted on the marijuana," but denied that the matchbox belonged to him. The matchbox itself was not tested for fingerprints.
At trial, appellant testified in his own behalf and presented four witnesses to testify, all of whom stated that they did not see appellant with a matchbox in his hand at the time of the incident. The thrust of their testimony was to the effect that one of the officers had retrieved the matchbox from inside the laundromat, and placed it beside appellant.
*975 In closing argument to the jury, the prosecuting attorney stated:
The defense would have you believe that they made all this stuff up and that they were sloppy, or criminal themselves; that they lied on the stand and that they planted drugs on the defendant, or collected evidence or drugs from someplace else and insisted, attributed those drugs to Keith Williams. I submit to you that it's not reasonable to consider that sworn police officers, doing their job, could come into court and perjure themselves.
A defense objection to this argument was overruled, and motion for mistrial was denied.
An attempt by the prosecuting attorney to bolster the credibility of police officers testifying in the case is improper argument entitling the defendant to a new trial. Robinson v. State, 637 So.2d 998 (Fla. 1st DCA 1994); Clark v. State, 632 So.2d 88, 91 (Fla. 4th DCA 1994). Prior to the portion of the state's argument above quoted, the prosecutor had stressed the lack of credibility of the defense witnesses, and expressed the opinion that "[w]hat this case boils down to, in short, is a swearing contest." In fact, the state had vigorously attacked the credibility of all defense witnesses by establishing their prior conviction of crimes involving dishonesty and untruthfulness.
Appellee correctly recognizes that the closing remarks in question were improper. The state argues that although Clark and Robinson disapprove of prosecutorial bolstering of police credibility during closing argument, convictions in those cases were not reversed because of the comments. See also, Irwin v. Singletary, 882 F.Supp. 1036 (M.D.Fla.1995); Jones v. State, 666 So.2d 995 (Fla. 5th DCA 1996). The state argues in addition that the present case involved a "quasi-entrapment defense," and therefore, the prosecutor's comment was invited to respond to defense counsel's insinuation that the officers planted the drug. Further, the state maintains that State v. Compo, 651 So.2d 127 (Fla. 2d DCA 1995), and Gorby v. State, 630 So.2d 544 (Fla.1993), cert. denied, ___ U.S. ___, 115 S.Ct. 99, ___ L.Ed.2d ___ (1994), support the state's position that the comments did not rise to the level of reversible error, and that even if the comments were improper, it cannot be said that the fairness of the trial was corrupted.
We find that the state's reliance upon the above-cited cases is misplaced. For instance, in Compo, the prosecutor's remarks were not directed to bolstering the credibility of its witnesses, but only referred to an abandoned entrapment defense. And in Gorby, the state simply drew the jury's attention to the expertise of its witnesses. By contrast, in the present case the critical issue was the credibility of the witnesses. Thus, it was crucial to the state's case for the jury to believe the officers' testimony, and the prosecutor's remarks clearly were calculated to impress upon the jury that it must believe the police officers because they were police officers.
In view of our reversal on the issue above discussed, we find it unnecessary to reach appellant's contention that the trial court erred in its rulings concerning the state's impeachment of defense witnesses because of their prior criminal convictions.
REVERSED and REMANDED for new trial.
MINER and LAWRENCE, JJ., and SMITH, Senior Judge, concur.