SCHWARTZ, Chief Judge.
During a trial on drug charges, the trial judge announced that he would grant the defendant’s motion for mistrial because the state had adduced prejudicially improper evidence against him. At the instance of the prosecution, however, he agreed — to avoid a retrial if the defendant were acquitted — to submit the case to the jury. When the defendant was found guilty, the court entered a comprehensive and well-considered “order granting defendant’s ore tenus motion for mistrial” which stated:
The Defendant was charged by information with one count of Sale of Cocaine and one count of Possession of Cocaine.
* * * * * *
During voir dire, all prospective jurors were questioned together, and the names of the potential witnesses were read to the jurors. Three of the prospective jurors, Arlene Knecht, Robert Stokey and Lisa Bianco-Vigil, all testified that they knew Mark Kruger as a deputy for the Monroe County Sheriffs Office. They were questioned at length by the State as to their relationships with Deputy Kruger. None of the three jurors were chosen to serve on the final jury.
At trial, the State called Deputy Mark Kruger as a witness for the prosecution. Deputy Kruger appeared at trial in full Deputy Sheriff’s Uniform. He was questioned by Asst. State Attorney Mr. Garcia as follows:
“BY MR. GARCIA:
Q. Please introduce yourself to the ladies and gentlemen of the jury.
A. My name is Deputy Mark Kruger.
Q. Who are you employed by?
A. Monroe County Sheriffs Office.
Q. How long have you been with the Sheriffs Office?
A. March will be four years full-time and about four years as a reserve officer prior to that.
*1205 Q. Have you ever worked in the Hibiscus Park area?
A. Yes, sir, I have.
Q. For how long?
A. Through the entire time that I’ve been on road patrol. I work primarily the north end, which encompasses the Hibiscus Park area. In addition to that, for about a year and a half I worked Hibiscus Park exclusively.
Q. For a year and a half you only worked the Hibiscus Park area?
A. That’s correct.
Q. Did you get to know a lot of the residents of Hibiscus Park in that year and a half?
A. Yes, sir.
Q. Did you get to know them by name and face?
A. Yes, sir.
Q. Have you ever met someone called Samuel Price?
A. I’ve known Sammie for probably five, six years, something like that.
Q. Do you see Samuel Price in the courtroom here today?
A. Yes, sir, I do.
Q. Would you please point him out, describe an article of clothing he is wearing?
A. Mr. Price is wearing kind of a light brown jacket with a white shirt, sitting next to Mr, Strickland.
Q. Does Mr. Price have a tie on?
A. No, sir, he does not.
MR. GARCIA: Your Honor, may the record reflect the witness identified the defendant?
THE COURT: The record will so reflect.
MR. STRICKLAND: Objection. Your
Honor, may we approach?
THE COURT: Please approach.”
The Defense thereafter moved for a mistrial pursuant to Hardie v. State, 513 So.2d 791 (Fla.App. 4 Dist.1987). In the instant case, Officer Kruger was not involved in the initial videotaped drug sting operation, but, some time later, reviewed the videotape of the drug buy and identified the Defendant, Samuel Price, as the individual in the transaction. Since he was not directly involved in the instant case, Deputy Kruger’s sole purpose was to provide his opinion as to the identification of the Defendant. In Hardie, the officers were called to provide opinion testimony as to the identity of the persons depicted in a videotape recording of the crime. The Court determined as follows:
“The officers based their identification of appellant from their prior knowledge and contacts with appellant.... (W)e find merit in appellant’s contention that he suffered prejudice as a result of the witnesses being identified as police officers and then testifying concerning his identity because it created the impression that he had been involved in other criminal activities or had a prior record.” ([Id. at] p. 792).
“The trial court should have instructed the state and the witnesses not to divulge the nature of the witnesses’ occupation or the circumstances of their involvement with the appellant ... ”([Id. at] p. 793).
“We are satisfied from this record that appellant suffered prejudice and was denied a fair trial from the disclosure of the police officers’ occupation in conjunction with their ability to identify appellant.”([M at] p. 794).
The First [District] appears to agree that the occupation of the police officer should not be disclosed. In Edwards v. State, 583 So.2d 740, 741 (Fla.App. 1 Dist. 1991), the court found that Deputy Heape, a police officer, could testify if his identity as a police officer was not divulged:
‘We agree with the state that under proper conditions, such as the state laying a predicate showing that Heape had prior knowledge of or a special familiarity with appellant that would enable him to identify her or that he was particularly qualified as an expert in videotape identification, Heape’s identification testimony might be deemed admissible, if Heape were not identified to the jury as a police officer.” (Emphasis by the Court of Appeal).
*1206 The State relies on State v. Cordia, 564 So.2d 601 (Fla.App. 2 Dist.1990), for the proposition that the police officers should be allowed to testify. However, Cordia is distinguishable in that the jury’s knowledge of the witnesses’ occupation was not an issue. The trial court in Cordia granted a Motion in Limine to exclude the officer’s opinion testimony as to identification. The Court in Cordia relies on Hardie for approval of this identification procedure, however, does not consider the issue as to jury knowledge of the employment of the witness. This procedure was also approved in Early v. State, 543 So.2d 868 (Fla.App. 5 Dist.1989), yet again the Court stressed that the witness was not identified as a police officer. The fact scenario in Early was virtually identical to the one in this case, as pronounced by the Early court:
“Appellant sold cocaine to an undercover agent and a videotape of the transaction was made. At trial the undercover agent was tentative in his identification of appellant because appellant’s appearance had been changed since the sale. To support and confirm the identification of appellant the state presented, over objection, the testimony of another person, Kenny Williams, who said he had known appellant for approximately ten years and that the person depicted in the videotape selling the cocaine is the appellant. He first made the identification from the videotape in order to provide the identity of the seller for arrest purposes. He next made the identification of appellant in court for the jury. Kenny Williams is a police officer in the same department which made the case against appellant but the jury was never told that Williams was a policeman. (Emphasis mine). (Id. at pp. 868-869)
In State v. Benton, 567 So.2d 1067 (Fla. App. 2 Dist.1990), the Court concluded that a lay witness may offer his opinion about the identification of another person, and that it is not necessary that the identification witness be an eyewitness to the crime itself. The witnesses in Benton were not law enforcement officers. To the contrary, law enforcement officers did testify in United States v. Farnsworth, 729 F.2d 1158 (8th Cir.1984) and United States v. Allen, 787 F.2d 933 (4th Cir.1986), yet their testimony was permitted because the court specifically instructed the prosecution not to divulge the occupation of the witnesses.
In the Instant case, the State’s initial questioning of Deputy Kruger focused on his occupation with the Sheriff’s office, and the fact that he worked primarily road patrol in Hibiscus Park, a known drug trafficking area in Monroe County. Although the Defendant does not live in Hibiscus Park, the State’s questioning of Deputy Kruger’s knowledge of the Defendant attempted to link the Defendant to Hibiscus Park as follows:
MR. GARCIA: Q. Did you get to know a lot of the residents of Hibiscus Park in that year and a half?
DEPUTY KRUGER: A. Yes, sir.
Q. Did you get to know them by name and face?
A. Yes, sir.
Q. Have you ever met someone called Samuel Price?
A. I’ve known Sammie for probably five, six years, something like that.
The Third District encountered this issue in Willis v. State, 669 So.2d 1090 (Fla. App. 3 Dist.1996). The police officer in Willis stated that there were other incidents and several contacts with the Defendant. The Court found that a mistrial should have been granted where the Officer’s testimony impermissibly suggested to the jury that the Defendant had prior criminal contacts with the police. The Court further stated:
‘We find in the instant case that Willis was unduly prejudiced by the police officer’s gratuitous testimony that Willis had previous contacts with the police in other incidents. (Citing Hardie). Given the context within which these statements were made, we cannot agree with the State that these statements were innocuous enough to reasonably conclude that Willis’ prior contacts with the police were as a 1) confidential infor *1207 mant; 2) former police officer; or 3) personal acquaintance.”
The State correctly argues that the Deputy’s Kruger’s testimony was not as incriminating to the Defendant Price as was the testimony of the police officer in the Willis case. The question for this Court to determine is whether this court is to follow the seeming directives of the state and federal appellate courts set forth above to not disclose to the jury the occupation of the police officer when providing purely identification opinion testimony. The question is whether the Defendant’s right to a fair trial was abridged in this case. The Court finds that the case law recited above and the factual situation presented in this case leaves the court no alternative but to grant the Defendant’s Motion for a Mistrial.
Treating the order arguendo as a reviewable one granting a new trial for the defendant, see State v. Compo, 651 So.2d 127 (Fla. 2d DCA 1995),[1] we find not only that it did not embody the abuse of discretion which would be required for reversal, Baker v. State, 336 So.2d 364 (Fla.1976); State v. Strickland, 172 So.2d 260 (Fla. 2d DCA 1965), but that the order is clearly correct as a matter of law. Hardie v. State, 513 So.2d 791 (Fla. 4th DCA 1987), review denied, 520 So.2d 586 (Fla.1988); see Willis v. State, 669 So.2d 1090 (Fla. 3d DCA 1996); Edwards v. State, 583 So.2d 740 (Fla. 1st DCA 1991), remew denied, 598 So.2d 78 (Fla.1992). Because, as the trial court impliedly did, we also reject the contention that the error in this case — in which the sole issue was the hotly and fairly disputed one of identification— may properly be characterized as harmless,[2] the order under review is
Affirmed.

. It is unnecessary to determine directly either of the highly questionable issues of whether Compo correctly holds that such an order is appealable or whether, having induced the trial court to refrain from declaring a clearly un reviewable mistrial, the state may nonetheless be heard to challenge the merits of the ruling or to contend that, taken in the context of the entire actual trial (which would not have taken place if its request had not been honored), the error was harmless. See 3 Fla.Jur.2d Appellate Review § 313 (1997).

. Ibid.