718 So.2d 852 (1998)
Wilfred A. MAYES, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1323.
District Court of Appeal of Florida, Fourth District.
August 26, 1998.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas J. Glaid, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
We affirm appellant's conviction for sale of cocaine, finding that while the trial court erred in overruling the objection to the testimony of an officer that he recognized the appellant on a videotape of the drug transaction from prior encounters that he had with the appellant, the error was harmless under the circumstances.
From her undercover car, Officer Amy Sinnott videotaped her purchase of cocaine from the appellant. At trial, she unequivocally testified that appellant was the person seen on the videotape selling her the drugs. *853 Thereafter, the videotape was admitted into evidence. Next, the state called Officer Gregory Key who investigated robberies and homicides. He testified that on the day of the drug purchase he was asked to view the videotape and recognized appellant as the individual on the tape, because "I've had numerous contacts with him pretty much on Tamarind [where the drug sale in the present case took place] over the last ten years." Defense counsel objected that the testimony was more prejudicial than probative and requested the court to strike the testimony, which objection the trial court overruled. The state also called Sergeant Dennis Crispo, a member of the "criminal apprehension team" of the West Palm Beach Police Department, who explained that he was a member of Sinnott's "cover unit." Although he did not witness appellant make the sale to Sinnott, he was able to identify appellant on the tape of the transaction. Similarly, Agent Willie Thomas testified that, at the time of the transaction with appellant, he was working in the community policing division, which is responsible for setting up community organizations and affairs. He was not present at the purchase of cocaine but recognized appellant on the videotape based on "previous encounters" with him.
Counsel did not object to the testimony of any officer except Officer Key. After the case rested, appellant moved for a mistrial because of Key's testimony and also mentioned the cumulative effect of the other three officer's identification of appellant on the video. The court denied the motion.
While appellant contends that the trial court erred in permitting three police officers to testify that they had reviewed the videotape and recognized appellant on the tape, he only objected to the testimony of one of those officers. As to Officer Key, he maintained that his testimony was more prejudicial than probative because it showed contact with appellant, possibly inferring prior arrests or convictions. Based on Hardie v. State, 513 So.2d 791 (Fla. 4th DCA 1987), we agree that the testimony should not have been admitted. In Hardie, this court held that the cumulative effect of five police officers' testimonies that they recognized the appellant on a store surveillance videotape and one officer's reference to knowing the appellant through an "investigation," when combined with their identification of themselves as police officers, caused reversible error. We explained that "[t]he trial court should have instructed the state and the witnesses not to divulge the nature of the witnesses' occupation or the circumstances of their involvement with the appellant...." Id. at 793.
In Hardie, however, the appellant had objected to the testimony of the officers and had filed a pretrial motion in limine to prevent their testimony. In the instant case, although appellant made no objection to the testimony that Key was a police officer, he did object when Key mentioned that he had numerous contacts with him in the same area. We think that this improperly inferred that the appellant had contact with appellant in an official capacity and suggested prior criminal activity on the part of appellant. See id. at 793-94.
Nevertheless, no reversible error occurred in this case for several reasons. First, in Hardie the videotape was made in a jewelry store during a "smash and grab," and the officers were obviously testifying to the identity of persons on the videotape created by the store camera. To the contrary, in the instant case the officer who actually conducted the purchase of drugs from the appellant did the actual videotaping of the transaction. She constituted an eyewitness to the transaction. Secondly, the testimony of Sergeant Crispo was not only not objected to, but does not constitute prejudicial testimony. He was a member of Officer Sinnott's unit and testified to the operation conducted that day. He did not see the person from whom Sinnott purchased cocaine, but he had viewed the videotape. When asked whether he saw appellant on the videotape, he responded that he did. Significantly, Crispo never testified that he recognized appellant from prior contact. Finally, Agent Brown testified that he recognized appellant on the videotape, but at the time of the incident he was working in the community division of the sheriff's department. While he testified that he recognized appellant from prior contacts, *854 given his assignment at the time, the jury could conclude that the contact was through community organizations and not criminal activity.
Thus, this case is distinguishable from Hardie and there is no impermissible cumulative effect from improperly admitted evidence. Because there was abundant evidence proving that appellant was the individual who sold drugs to the undercover officer, we find that appellant has not carried his burden of showing that a prejudicial error was made by the trial court in overruling the objection to Officer Key's gratuitous remarks. See § 924.051(7), Fla. Stat. (1997).
Affirmed.
KLEIN and TAYLOR, JJ., concur.