IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TODD PAYNE,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4115

Opinion filed December 21, 2017.

An appeal from the Circuit Court for Levy County.
James T. Browning, Judge.

Andy Thomas, Public Defender, and L. Allen Beard, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, David Llanes, Assistant Attorney General, Donna A. Gerace, Assistant Attorney General, and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.

WINOKUR, J.

      Todd Payne appeals his convictions and sentences for possession of cannabis and possession of cocaine. We affirm, but write to address two comments made during the State's closing arguments.

Todd Payne was the passenger in a vehicle driving on a dirt road at night when it was pulled over by Deputy Jeremy Dean. Deputy Dean placed the driver in his patrol car and then asked Payne to exit the vehicle and walk to the back of his patrol car. After Deputy Dean asked if Payne had anything the deputy should be aware of, Payne responded in the negative and offered to be searched. After initially finding nothing, Deputy Dean asked Payne to spread his legs, and a bag containing cannabis and cocaine was subsequently found on the ground.

Deputy Dean testified that he saw the bag fall from Payne's pants onto the ground when Payne spread his legs. The defense cross-examined the deputy as to his purported use of a flashlight during the search, as his written reports and deposition did not mention a flashlight. Deputy Dean also testified that his patrol car's video camera was not functioning at the time of the arrest, and that video of the incident from his personal body camera was accidentally deleted when he downloaded new computer software. Deputy Dean stated that he never attempted to take fingerprints from the bag of drugs found.

The State also called a forensic chemist to testify, who identified one of the substances recovered as cocaine. The defense called no witnesses.

I.

During the State's initial closing statement, the prosecutor discussed the elements necessary to convict Payne of possession of cocaine, including the third

element, that the substance was in fact cocaine. After the prosecutor reviewed the testimony of the forensic chemist, he concluded, "As to that element the State has met its burden. And, in part, the State would argue that you didn't hear any contradictory testimony or evidence to rebut the fact." The defense immediately asked to approach, and moved for a mistrial during a sidebar conference, arguing that the comment shifted the burden to Payne to prove that the substance was not cocaine and constituted a comment on his right to remain silent. The trial court denied the mistrial motion, but at the request of the defense, gave a curative instruction to the jury regarding the presumption of innocence and Payne's right to remain silent.

The prosecutor's statement was not improper. While using the word "rebut" in this context is unwise, this poor word choice does not overcome the general rule that a prosecutor may properly highlight the lack of contradictory evidence and state what conclusions the jury should make. *See Bell v. State*, 108 So. 3d 639, 647-48 (Fla. 2013). The State was free to review the forensic chemist's testimony that the substance was cocaine, and remind the jury that there was no evidence offered by the defense to suggest that it was not. Regardless, had the comment been improper, it was not "so prejudicial as to vitiate the entire trial" for a mistrial to be appropriate, especially in light of the curative instruction given to the jury. *England v. State*, 940 So. 2d 389, 402 (Fla. 2006).

II.

During Payne's closing arguments, the defense discussed the omissions and inconsistencies in Deputy Dean's earlier accounts of the incident compared to his testimony (e.g., whether he used a flashlight during the search), the absence of any videotapes or recordings, the lack of fingerprints taken from the drugs, and the dark conditions and dirt road where the drugs were found. The defense attacked the deputy's credibility and argued that the drugs were likely on the ground before Payne and the deputy arrived at the scene.

During the State's rebuttal closing argument, the prosecutor justified Deputy Dean's omissions in his written report and deposition, stating the following:

> You didn't see a copy of the report. All the evidence is before you. Deputy Dean may or may not have noted in the report the exact time and the exact weather conditions, but those aren't relevant, and it doesn't really matter whether they're in the report because at the end of the day, he's a sworn law enforcement officer, tasked with upholding justice . . . and he has testified.

The defense immediately objected, and argued that the prosecutor's statement improperly urged the jury to give special credence to the testimony of a police officer. The trial judge stated, "I'm going to sustain it to this extent: I think you may have put some of these issues in motion. [Prosecutor], just move on from here as far as that. But beyond that, I think if you were to do too much more, I think you're moving into a realm that I see [the defense's] position." Payne again motioned for a mistrial. The trial court denied the motion, but asked the defense if it would like a curative instruction. The defense replied, "No, sir."

4

Suggesting that Deputy Dean should be believed because he is a "sworn law enforcement officer, tasked with upholding justice" is improper argument. *See Johnson v. State*, 177 So. 3d 1005, 1008 (Fla. 1st DCA 2015); *Williams v. State*, 673 So. 2d 974, 975 (Fla. 1st DCA 1996). While the meaning of the trial judge's response to the objection is arguable, we find that he sustained the objection. The trial judge announced that he sustained the objection to some "extent," directed the prosecutor to move on from that argument, and asked the defense if it wanted a curative instruction. If the trial judge did not sustain the objection, and thought the comment was proper, logic dictates that he would not have offered the defense a curative instruction.

As the trial court sustained Payne's objection, the only question is whether it erred in denying his motion for mistrial. "A motion for a mistrial should only be granted when an error is so prejudicial as to vitiate the entire trial." *England*, 940 So. 2d at 401–02; *see also Snipes v. State*, 733 So. 2d 1000, 1005 (Fla. 1999) ("A decision on a motion for a mistrial is within the discretion of the trial judge and such a motion should be granted only in the case of absolute necessity."). A trial court's ruling on a motion for mistrial is reviewed for abuse of discretion. *See Salazar v. State*, 991 So. 2d 364, 371-72 (Fla. 2008). We conclude that the trial court's denial of the motion for mistrial and offer of a curative instruction was within its discretion and did not result in Payne receiving an unfair trial.

AFFIRMED.

5

JAY and M.K. THOMAS, JJ., CONCUR.