# Third District Court of Appeal

## State of Florida

Opinion filed November 18, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-2354
Lower Tribunal No. 19-593
_____

**Shane Kopp,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellee.

Before EMAS, C.J., and HENDON and GORDO, JJ.

GORDO, J.

Shane Kopp appeals his conviction and sentence following a jury trial. We have jurisdiction. See Fla. R. App. P. 9.140(b)(1)(A). Kopp argues the trial court abused its discretion in allowing identification testimony that the person depicted in video footage of the underlying crime was Kopp. The State argues the trial court properly admitted the testimony because the video was of poor quality and the witness was in a better position than the jury to identify Kopp. We agree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 2, 2019, a vehicle was burglarized in Jackson Memorial Towers' parking garage. A firearm, which was under the passenger seat of the vehicle, was taken. The incident was captured on Jackson's surveillance cameras throughout the garage. The State subsequently charged Kopp by information with several offenses, including unlawful possession of a firearm or weapon by a violent career criminal.

Prior to trial, the defense moved to exclude any testimony or identification of Kopp by Nixon Reyes, a security guard at Jackson. The defense asserted that any testimony from Reyes "would be opinion testimony which invades the province of the jury." The court denied the motion and the case proceeded to trial.

The State's first witness was Reyes who testified he worked at Jackson and had seen Kopp on numerous occasions, both in person and on video. Reyes further testified that in 2016, he had a forty-minute, face-to-face conversation with Kopp at

2

a distance of about two to three feet. Reyes never identified himself as a security guard.

The State introduced the surveillance footage from several cameras during Reyes's testimony. The footage shows a person wearing a white t-shirt, dark pants, and a red drawstring backpack approaching the vehicle at issue in this case. The identity of the person, however, is not ascertainable because of the poor quality of the footage. Reyes stated that he had reviewed the footage four or five times before trial and identified Kopp as the person depicted in the footage based on his prior interaction with Kopp. He also stated that Kopp appeared the same on the footage as he had during their conversation in 2016.

## LEGAL ANALYSIS

The sole issue before us is whether Reyes's opinion testimony identifying Kopp as the individual in the videos was properly admitted in evidence. "The trial court's ruling on the admissibility of evidence is reviewed under the abuse of discretion standard." Mathieu v. State, 258 So. 3d 528, 532 (Fla. 3d DCA 2018) (citing Bearden v. State, 161 So. 3d 1257, 1263 (Fla. 2015)).

"In general, a witness may testify as to the identification of persons depicted in photographs or on video when the witness is in a better position than the jurors to make that identification." Bentley v. State, 286 So. 3d 912, 914 (Fla. 2d DCA 2019) (citations omitted); see also Day v. State, 105 So. 3d 1284, 1286–87 (Fla. 2d DCA

3

2013) (In a criminal prosecution, the State may present identification witnesses who are "capable of independently identifying the individual from photographs, tape recordings, or similar evidence . . . or simply to support other identification evidence when that might be subject to challenge." (internal citations and quotations omitted)). This identification testimony is inadmissible and invades the province of the jury, however, when the witness is in no better position than the jurors to make the identification. See, e.g., Alvarez v. State, 147 So. 3d 537, 542–43 (Fla. 4th DCA 2014).

Prior to asking Reyes to identify Kopp on the surveillance footage, the State laid the foundation by eliciting testimony that Reyes had previously interacted with Kopp for a lengthy period of time in person, had seen Kopp on video, and had viewed the video footage at issue several times before trial.

Further, the video footage at issue was of poor quality. "The State may introduce . . . identification testimony when a videotape does not provide clear images of the perpetrators . . . ." Day, 105 So. 3d at 1287 (citing Hardie v. State, 513 So. 2d 791, 792 (Fla. 4th DCA 1987)). The face of the person in the video was not clearly visible and zooming in only worsened the quality of the image. Reyes's testimony was permissible to assist the jury in its independent analysis of the video

4

footage and did not invade the province of the jury.[1] We therefore find the trial court did not abuse its discretion in admitting Reyes's testimony to support the State's other evidence on the issue of identity.

Affirmed.

---

[1] We note this case is distinguishable from cases cited by Kopp that found identification testimony to be harmful and, therefore, improper. See, e.g., Bentley, 286 So. 3d 912; Day, 105 So. 3d 1284; Hardie, 513 So. 2d 791. In those cases, the appellate court reversed because the identification testimony insinuated to the jury that the defendant had been involved in prior criminal conduct, which was harmful error. In this case, the jury never learned Reyes was a security guard at Jackson or that his interactions with Kopp occurred during his patrols as a security guard.