564 So.2d 601 (1990)
STATE of Florida, Petitioner,
v.
Dale Edward CORDIA, Respondent.
No. 89-02903.
District Court of Appeal of Florida, Second District.
July 27, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for petitioner.
Tom McCoun of Louderback, McCoun & Helinger, St. Petersburg, for respondent.
PER CURIAM.
The state petitions this court for a writ of certiorari to review an order of the circuit court which would exclude certain voice identification testimony in the pending felony trial of respondent Dale Cordia. We grant the petition.
Cordia is charged with making a false report of a bomb. § 790.163, Fla. Stat. (1989). At the time of his arrest, Cordia was employed as a police officer by the town of Indian Shores. It is alleged that Cordia, on August 27, 1987, telephoned the nearby Madeira Beach Police Department and advised that bombs had been planted at two locations in that municipality. This telephone call was recorded by tape. The state now seeks to call as witnesses two police officers who have known Cordia "for a significant period of time," and who have spoken to him in person, over telephone, and police radio. These officers purport to be capable of recognizing Cordia's voice. The officers presumably will offer their opinion that the voice on the tape is Cordia's.
Because the original tape was "routinely destroyed," Cordia filed a motion to dismiss the charges. Finding no deliberate destruction of evidence and no showing of prejudice from the use of a copy of the tape, the circuit court denied the motion.[1] Following this adverse ruling Cordia moved in limine to exclude testimony regarding the officers' opinion as to the identity of the taped voice. The court agreed to exclude the witnesses.
Section 90.701, Florida Statutes (1989), permits opinion testimony by nonexperts when (1) the witness cannot readily, and with equal accuracy, communicate what he has perceived without resort to opinion, (2) his use of opinion will not mislead the trier of fact, and (3) the opinion requires no special knowledge, skill, or training. Under this section, and historically, a witness to a crime may render an opinion about the identification of the individual *602 involved, including identification by voice. Weinshenker v. State, 223 So.2d 561 (Fla. 3d DCA), cert. denied, 225 So.2d 918, cert. denied, 396 U.S. 973, 90 S.Ct. 462, 24 L.Ed.2d 441 (1969).
Cordia does not quarrel with this general principle, but contends that since the two officer/witnesses were not the individuals who actually received the original telephone call, their testimony goes beyond the scope of section 90.701 and constitutes an impermissible opinion as to the guilt of the accused. See Gibbs v. State, 193 So.2d 460 (Fla. 2d DCA 1967). We disagree. Instead, we find the present situation closely analogous to that in Hardie v. State, 513 So.2d 791 (Fla. 4th DCA 1987), rev. denied, 520 So.2d 586 (Fla. 1988). There, the defendant was one of several individuals who participated in a store theft. The crime was captured on tape by a surveillance camera but, apparently, the views afforded by the pictures were limited. The state brought in police officers who knew Hardie, to identify him as one of the thieves. On appeal the district court approved the identification procedure per se. See also, United States v. Allen, 787 F.2d 933 (4th Cir.1986), vacated on other grounds, 479 U.S. 1077, 107 S.Ct. 1271, 94 L.Ed.2d 132 (1987).[2]
Cordia relies primarily upon Ruffin v. State, 549 So.2d 250 (Fla. 5th DCA 1989). A drug sale was videotaped and defendant argued at trial that the seller was not he. Three officers gave their opinion to the contrary. However, these officers were neither eyewitnesses to the sale nor otherwise familiar with Ruffin. The district court held that the officers' testimony involved matters "within the realm of an ordinary juror's knowledge and experience" and therefore "inva[ded] the province of the jury." 549 So.2d at 251. We do not interpret Ruffin, as does Cordia, to require that identification witnesses must be witnesses to events surrounding the offense itself. This was clearly not the case in Hardie and Allen. Rather, such witnesses should be either eyewitnesses or else capable of independently identifying the individual from photographs, tape recordings, or similar evidence. Unlike the officers in Ruffin, the witnesses in the present case do claim to possess special knowledge (i.e., of Cordia's voice characteristics) beyond what a juror could conclude on his own.
It may be, as Cordia states, that permitting these officers' testimony is tantamount to allowing their opinion that Cordia is guilty, since the gravamen of the criminal charge is the communication via the telephone call itself. However, if an opinion is otherwise admissible, it is not objectionable just "because it includes an ultimate issue to be decided by the trier of fact." § 90.703, Fla. Stat. (1989).
The petition for writ of certiorari is granted, that portion of the trial court's order granting Cordia's motion in limine is quashed, and this case is remanded for further proceedings consistent with this opinion.
RYDER, A.C.J., and DANAHY and FRANK, JJ., concur.
NOTES
[1] While the propriety of that ruling is not before us, we note that dismissal of charges under such circumstances is an extreme sanction which should be undertaken only as a last resort. State v. Smith, 342 So.2d 1094 (Fla. 2d DCA 1977).
[2] Ironically, Hardie's conviction was reversed on other grounds involving the identification procedure. By identifying themselves as police officers with prior knowledge of the accused, the state's witnesses implied unrelated misconduct on his part. That problem should be less likely to surface in the present case, since the witnesses' knowledge of Cordia appears to stem from his own service as a police officer.