COBB, Judge.
The appellant Harold appeals his convictions for trafficking in cocaine and possession of less than 20 grams of marijuana. His first point on appeal concerning the sufficiency of the evidence is patently without merit in light of his admission to a state trooper that he and his accomplice “had ripped them (the cocaine and marijuana) off from a drug dealer in Ft. Pierce.” See State v. Fort, 380 So.2d 534, 536 (Fla. 5th DCA 1980).
Harold’s second point on appeal challenges the trial court’s admission of evidence, and subsequent jury charge, regarding his conviction for failure to appear for a previous trial date in the case. Harold argues that such evidence did not show “flight” since the incident occurred after arrest and initiation of prosecution. Harold contends that flight, as evidence of guilt, must occur immediately after commission of the crime charged in an effort to avoid detection or prosecution. He relies on two cases in support of this argument: Noeling v. State, 40 So.2d 120 (Fla.1949) and Williams v. State, 378 So.2d 902 (Fla. 5th DCA 1980).
We do not read either case as narrowly as does the appellant. Although Noeling stated that flight “is usually considered to exist when the accused departs from the vicinity of the crime,” it certainly did not confine the definition of flight to that narrow limitation. In Williams, we simply held that the evidence did not factually support a flight instruction.
More to the point is the recent Florida Supreme Court case of Merritt v. State, 523 So.2d 573 (Fla.1988), wherein it held: “Flight evidence is admissible as relevant to the defendant’s consciousness of guilt where there is sufficient evidence that the defendant fled to avoid prosecution of the charged offense.” It is readily apparent that a defendant’s abrupt departure from the courthouse after jury selection indicates a desire to avoid prosecution of the charged offenses. Moreover, the evidence of the defendant’s flight was introduced at trial by the state without objection. As we have previously held: “Even when a prior motion in limine has been denied, the failure to object at the time collateral crime evidence is introduced waives the issue for appellate review.” Anderson v. State, 549 So.2d 807, 808 (Fla. 5th DCA 1989), rev. denied, 560 So.2d 232 (Fla.1990); Thomas *910 v. State, 424 So.2d 193, 194 (Fla. 5th DCA 1983).
AFFIRMED.
DAUKSCH and DIAMANTIS, JJ., concur.