583 So.2d 740 (1991)
Anita Michael EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2259.
District Court of Appeal of Florida, First District.
July 29, 1991.
Rehearing Denied September 4, 1991.
*741 Nancy A. Daniels, Public Defender, Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals her conviction of sale of cocaine, asserting that the trial court erred in overruling her objection to certain identification testimony by a law enforcement officer. We reverse and remand for a new trial.
At trial, Sheriff's Deputy Heape testified that, as a narcotics investigator, he employed informant Woods to make controlled buys of cocaine, while wired with a listening device and a video camera. Heape did not accompany Woods on his missions but he did monitor the sound and video equipment at all times. Woods testified that he bought cocaine from appellant while working for Heape, that the controlled buy was recorded on the videotape and that the videotape that was shown to the jury is an accurate depiction of that transaction. Over the defense objection that the province of the jury was being invaded, Heape was allowed to testify that he recognized appellant as the person shown on the tape making the sale to Woods even though Heape did not assert that he had any prior knowledge of appellant or that he had witnessed the transaction apart from the tape, nor was he qualified as an expert in videotape identifications.
The state argues: Appellant did not properly preserve her objection to Heape's testimony; by asserting below only that the testimony invaded the province of the jury, she indicated that the testimony was inadmissible when, in fact, if the proper foundation is laid, such testimony may be admissible; by failing to raise the proper objection of no predicate, appellant precluded the state from curing the error below.
We agree with the state that under proper conditions, such as the state laying a predicate showing that Heape had prior knowledge of or a special familiarity with appellant that would enable him to identify her or that he was particularly qualified as an expert in videotape identification, Heape's identification testimony might be deemed admissible, if Heape were not identified to the jury as a police officer. Hardie v. State, 513 So.2d 791 (Fla. 4th DCA 1987); United States v. Allen, 787 F.2d 933 (4th Cir.1986). However, we find that since the state did not lay the proper predicate for this otherwise inadmissible testimony, appellant's objection that Heape's testimony amounted to an invasion of the province of the jury was sufficient and the denial of that motion was error. See Ruffin v. State, 549 So.2d 250 (Fla. 5th DCA 1989). Therefore, appellant is entitled to a new trial in which, in the absence of the laying of a proper predicate under the appropriate conditions, Heape's identification of appellant on the videotape shall not be admitted.
Appellant has also challenged the court's imposition of costs without notice and hearing. Although we do not address this issue in light of reversal in this case, we note that this issue has been resolved unfavorably to appellant's position in State v. Beasley, 580 So.2d 139 (Fla. 1991).
REVERSED and REMANDED for a new trial.
ALLEN, J., concurs.
WOLF, J., dissents with opinion.
WOLF, Judge, dissenting.
I do not believe that the challenge to the officer's identification from the videotape was properly preserved for appeal. Officer Heape was asked whether he recognized the person on the videotape. Defense counsel objected, stating that the province of the jury was being invaded. The objection was overruled and the officer identified the appellant. No objection was raised on the grounds of improper predicate or that Heape did not have a proper background to make the identification.
*742 While there is no evidence in the record that Heape had knowledge of appellant or his appearance prior to his viewing of the videotape, there is also nothing in the record that indicates he did not have such knowledge, nor was the state alerted by a specific objection of the necessity to present such testimony.
The rule in Florida has long been that a witness can give his opinion as to the identity of a person when he has a previous personal acquaintance or knowledge of that person, and when he bases his opinion on that information. Roberson v. State, 40 Fla. 509, 24 So. 474 (1898); Barnes v. State, 415 So.2d 1280 (Fla. 2nd DCA 1982), rev. denied, 424 So.2d 760 (Fla. 1982). The same rule applies to identifications from photographs or videotape. Hardie v. State, 513 So.2d 791 (Fla. 4th DCA 1987), rev. denied, 520 So.2d 586 (Fla. 1988).
The objection "invading the province of the jury" implies that the witness is precluded from testifying on an entire subject matter because that matter is to be resolved by a jury. In the instant case, if a proper predicate had been laid, the witness would have been able to be qualified to testify as to the subject matter, identification from a videotape. See State v. Cordia, 564 So.2d 601 (Fla. 2nd DCA 1990); Hardie v. State, supra.
The purpose of requiring a party to make a proper objection is to put the trial judge on notice that an error may have been committed and to give the trial judge the chance to correct such an error at that time. Castor v. State, 365 So.2d 701 (Fla. 1978). A proper objection also alerts the other party to what steps may be taken to alleviate the problem. Neither the state nor the trial court was alerted that the basis of the objection was improper predicate. The objection was insufficient. I would affirm the conviction.