GROSS, J.
The state charged appellant with one count of sexual battery and one count of fraudulently using a credit card. The charges stemmed from an incident which took place on January 1, 2008, when appellant sexually battered a woman, took her credit card, and hours later used the credit card to purchase gasoline. Although we hold that there was no error in the denial of a motion to sever the two charges, we reverse because of the erroneous admission of a police detective’s opinion testimony relating to a video, which invaded the province of the jury to draw its own conclusion about whether appellant was the person depicted in the video.
We find no error in the trial court’s denial of the motion to sever the credit card incident from the sexual bat *235 tery charge. The charges were properly brought in the same information, in that they were “based on ... 2 or more connected acts or transactions.” Fla. R.Crim. P. 3.150(a). Appellant had access to the victim’s credit card, the victim of both crimes was the same, and the credit card was used hours after the sexual battery. See Rutherford v. State, 902 So.2d 211, 213-14 (Fla. 4th DCA 2005). Nor did the trial court abuse its discretion in ruling that severance was not required “to promote a fair determination of the defendant’s guilt or innocence of each offense.” Fla. R.Crim. P. 3.152(a)(2)(A). The facts surrounding the sexual battery explained how appellant came to be in possession of the credit card. As in McGee v. State, 19 So.3d 1074, 1078 (Fla. 4th DCA 2009), the crimes in this case were committed against the same victim, in the same area, and the victim reported all of the crimes at the same time. Taken together, the two crimes provide “the entire context out of which the criminal action occurred.” Fotopoulos v. State, 608 So.2d 784, 790 (Fla.1992).
A separate issue concerns the playing of a surveillance video from the gas station depicting a man purchasing gasoline with the victim’s credit card. Over objection, the state elicited testimony from a detective that, while he was unable to identify the person in the video when he originally saw it, he was later able to piece things together and identify the person in the video as appellant.
To argue for reversal, appellant relies on Ruffin v. State, 549 So.2d 250 (Fla. 5th DCA 1989). In that case, the state offered a videotape of a drug purchase by an undercover police officer. See id. at 251. Over objection, three police officers who were not present for the undercover transaction testified that, in their opinion, Ruf-fin was the man in the videotape. Id. The fifth district held that this opinion testimony invaded the province of the jury:
This was an invasion of the province of the jury. When factual determinations are within the realm of an ordinary juror’s knowledge and experience, such determinations and the conclusions to be drawn therefrom must be made by the jury. [The three officers] were not eyewitnesses to the crime, they did not have any special familiarity with Ruffin, and they were not qualified as any type of experts in identification.
Id. (footnote omitted) (citation omitted); see also Edwards v. State, 583 So.2d 740 (Fla. 1st DCA 1991) (reversing when officer who employed an informant to make controlled, videotaped buy from appellant, but who did not witness buy firsthand, testified “he recognized appellant as the person shown on the tape making the sale to” informant).
As in Ruffin, the testifying officer in this case was not an eyewitness to the use of the credit card at the gas station, he had no special familiarity with appellant, and he was not otherwise qualified as an expert in video identification. At first, the officer was not able to identify appellant on the video. The jurors should have been left to determine for themselves whether appellant was the person in the surveillance video.
The error in admitting the officer’s identification testimony was not harmless. “[E]rror in admitting improper testimony may be exacerbated where the testimony comes from a police officer.” Martinez v. State, 761 So.2d 1074, 1080 (Fla.2000) (citation omitted). There is the danger that jurors will defer to what they perceive to be an officer’s special training and access to background information not presented during trial. Id. Here, the appellant’s defense to the sexual battery was consent; the victim’s in-court version of *236 events was frequently inconsistent with what she told a 911 dispatcher, the responding police officers, and the person who examined her at a sexual assault treatment center. We cannot say beyond a reasonable doubt that the added credence the detective’s testimony lent to the credit card charge did not influence the verdict in the sexual battery. See State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986) (“The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.” (citation omitted)).

Reversed and remanded for a new trial.

MAY, C.J., and STEVENSON, J., concur.