WARNER, J.
Appellant challenges his convictions for burglary and criminal mischief. He contends that the court erred in permitting a detective to testify as to his opinion whether an individual on a surveillance video was the appellant. He also argues that the court erred in permitting the state to question him regarding his failure to appear at a previous trial. As to the first claim, the issue was not properly preserved. As to the latter claim, the court did not abuse its discretion in permitting the evidence of flight to avoid prosecution. We thus affirm.
Two men broke into the victim’s home and stole various items. The victim had installed a surveillance camera system throughout the house, and the cameras were able to pick up the two suspects in various locations within the house. The victim provided the video and freeze frames from the tape to the police.
One officer looked at the pictures and videos and was able to identify one of the men from previous contacts. The man he identified was Marvin Woods, appellant’s half-brother. Another detective obtained the video tape and watched it at the police station. He noted that officers watch such videos to try to identify people they might know from their patrols. After watching the video, the detective was unable to identify anybody in the video.
Nevertheless, because the other officer had identified Woods, officers went looking for Woods at the home where appellant lived. When the officers encountered appellant at his home, they arrested him. He made a statement to the officers, identifying himself as one of the men in the video. He admitted helping Woods remove property from the victim’s house.
Prior to going to appellant’s address, another detective looked at a picture of *1268 appellant. At trial, that detective testified that he recognized appellant as being the second person in the video. Appellant’s counsel objected on “speculation” grounds, and the court held a sidebar conference. The court asked the prosecutor, “What is the basis, though, of his ability to make that recognition just from looking comparing a photograph to the video, is that what you’re telling me he did?” The prosecutor responded: “Correct. It’s his belief in looking [ ]at the two that it appeared to him to be the same person. He’s not relying on any expertise or any type of expert opinion at all, just as any layperson giving the opinion.” The court sustained the objection “as being improper predicate at this point in time until more predicate is laid,” but overruled the speculation objection. The court instructed the prosecutor to lay a predicate by making the officer describe the appellant’s features and comparing the similarities between the video and the picture.
The detective continued his testimony, noting that he focused on facial features, stating: “And I’m pretty good at what I do when it comes to watching video and recognizing people just from watching videos.” Appellant’s counsel objected on “bolstering” grounds, and the court overruled the objection. The witness then opined to the jury that the man in the white tank top in the videos and stills was appellant.
At trial, after the state rested, appellant called Woods, who admitted his role in the burglary and that he had pled guilty to all charges. He identified the other person with him as Mit-Mit, and not appellant. Later, in rebuttal, the state recalled the detective who had identified appellant in the video. The detective was familiar with a person named Mit-Mit, but the person on the video was not Mit-Mit.
Appellant also testified in his own defense, denying that he was present in the victim’s home. He only helped Woods move some of the items into their home. When asked why he admitted to detectives that he entered the victim’s house, appellant explained that the detectives were threatening him.
The prosecutor notified the court and defense counsel that on cross-examination he intended to ask appellant about his failure to appear at the prior trial date in order to show consciousness of guilt. Appellant’s counsel objected on relevancy grounds. The court ruled that the question was relevant because it showed an avoidance of prosecution, from which the jury could infer consciousness of guilt. The prosecutor asked appellant about his failure to appear on that first trial date, and appellant stated that he “caught a flat tire,” and did not return for the afternoon of trial or the next two days.
The jury found appellant guilty as charged of all counts. On the burglary charge, the court sentenced appellant to fifteen years in prison as a prison releasee reoffender, consecutive to five years on the grand theft charge, consecutive to another five-year sentence on the criminal mischief charge.
In his initial brief, appellant claims that the court erred in permitting the detective to opine that appellant was one of the individuals on the video. He argues that the objections based upon “speculation” and “bolstering” in effect raised the issue that the detective was invading the province of the jury, because the detective was not an expert and was merely offering lay opinion. Thus, there was no proper predicate for his testimony. The trial court understood the objection to be one based upon improper predicate, because the court sustained the objection based upon that. When the detective gave his *1269 explanation, however, defense counsel did not object as to the nature of the predicate but on “bolstering.”
“In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.” Tillman v. State, 471 So.2d 32, 35 (Fla.1985). Even if we were to assume that the proper objection was based upon failure to establish a proper predicate, that objection was sustained, and defense counsel did not object when the state questioned the detective on his analysis of the picture. Counsel objected only when the detective claimed he was good at identifying people. The trial court was not asked to address whether the detective’s testimony invaded the province of the jury. Therefore, it was not given the opportunity to cure any error in admission.
Appellant relies on Ruffin v. State, in which the Fifth District reversed and remanded for a new trial when the trial court allowed testimony of police officers “that in their opinion Ruffin was the man in the videotape” showing the crime. 549 So.2d 250, 251 (Fla. 5th DCA 1989). The court explained:
This was an invasion of the province of the jury. When factual determinations are within the realm of an ordinary juror’s knowledge and experience, such determinations and the conclusions to be drawn therefrom must be made by the jury.... [The officers] were not eyewitnesses to the crime, they did not have any special familiarity with Ruffin, and they were not qualified as any type of experts in identification.
Id. (internal citation and footnote omitted). The grounds for the objection made at trial in Ruffin were not stated in the opinion.
Edwards v. State, 583 So.2d 740 (Fla. 1st DCA 1991), relied on Ruffin in a case where the trial court allowed a deputy to testify that the defendant was the person in a videotape of a drug transaction, over the defense objection that it invaded the province of the jury because the officer had no knowledge of the defendant. The Edwards court reasoned that the testimony may have been admissible with the proper predicate. Because the state failed to lay the proper predicate, such as sufficient familiarity with the defendant to support an identification or qualification as an identity expert, the testimony was inadmissible and invaded the province of the jury. See also Charles v. State, 79 So.3d 233, 235 (Fla. 4th DCA 2012).
Judge Wolf dissented in Edwards, concluding that the objection was insufficient to preserve the issue for appeal. He wrote:
The purpose of requiring a party to make a proper objection is to put the trial judge on notice that an error may have been committed and to give the trial judge the chance to correct such an error at that time. Castor v. State, 365 So.2d 701 (Fla.1978). A proper objection also alerts the other party to what steps may be taken to alleviate the problem.
583 So.2d at 742.
Like Judge Wolf in Edwards, we conclude that the objection was not preserved by a proper objection. The defense objection of “speculation” could not raise the issue that the detective was not qualified as an expert in identification. See Chavers v. State, 964 So.2d 790, 793 (Fla. 4th DCA 2007). Nor did the prosecutor tender the detective as an expert. The court treated the objection as one based upon an improper predicate, which was the ground *1270 that the Edioards court determined would have been the appropriate objection to the testimony. Nevertheless, the trial court directed the prosecutor to question the detective on the basis for his identification, by matching the facial features of the appellant with those of the person on the video. Defense counsel, who had not raised the objection of improper predicate, never objected again that, without expertise or prior knowledge of the defendant, this line of questioning would invade the province of the jury. Therefore, neither the trial court nor the prosecutor were put on notice of the specific objection so that it could have been timely cured. As such, we conclude that the issue was not preserved.
In his second point on appeal, appellant claims that the trial court erred in allowing the state to question the appellant on cross-examination about his failure to appear at his earlier trial. He argues that the evidence was irrelevant and prejudicial, after he explained that he did not appear because he had a flat tire on the way to court. This issue was properly preserved by an appropriate objection.
Evidence that a suspect “in any manner attempts to evade prosecution after a crime has been committed” is admissible and relevant to the consciousness of guilt. Penalver v. State, 926 So.2d 1118, 1132 (Fla.2006). “[T]here must be evidence which indicates a nexus between the flight ... and the crime(s) for which the defendant is being tried in that specific case.” Escobar v. State, 699 So.2d 988, 995 (Fla.1997), abrogated on other grounds, Connor v. State, 803 So.2d 598, 607 (Fla.2001). Where there are two conflicting theories as to the meaning of evidence tending to show consciousness of guilt, the trial court does not abuse its discretion in admitting such evidence, as “the conflict in the theories goes to the weight to be accorded this evidence, not its admissibility.” Penalver, 926 So.2d at 1133.
This case is most similar to Harold v. State, 579 So.2d 908 (Fla. 5th DCA 1991). There, the appellant argued on appeal that the trial court erroneously introduced evidence (and charged the jury) regarding his conviction for failure to appear for a previous trial date in that case. The appellant argued “that such evidence did not show ‘flight’ since the incident occurred after arrest and initiation of prosecution.” Id. at 909. The appellant also argued, citing cases along a similar line to the above, that “flight, as evidence of guilt, must occur immediately after commission of the crime....” Id. The Fifth District rejected this claim, quoting Merritt v. State, 523 So.2d 573, 574 (Fla.1988), for the proposition that “‘[f]light evidence is admissible as relevant to the defendant’s consciousness of guilt where there is sufficient evidence that the defendant fled to avoid prosecution of the charged offense.’ ” Id. The Harold court commented, “It is readily apparent that a defendant’s abrupt departure from the courthouse after jury selection indicates a desire to avoid prosecution of the charged offenses.” 579 So.2d at 909.
Similarly, in this case, appellant attended jury selection in his first trial but failed to appear thereafter. His failure to return in the afternoon or in the days following constitutes sufficient evidence of flight, which is then relevant to consciousness of guilt. Further, appellant was given the opportunity to present his alternative explanation to the jury, and it was up to the jury to decide what to believe. The court did not abuse its discretion in admitting the evidence of failure to appear, because appellant’s explanation amounted to a conflicting theory on the evidence which went *1271 to the weight, not the admissibility, of the evidence. See Penalver.
For the foregoing reasons, we affirm the conviction and sentence.
POLEN and STEVENSON, JJ., concur.