DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DARNELL RAZZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-611

[January 7, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephen A. Rapp, Judge; L.T. Case No. 502011CF000223AXX.

Daniel P. Hyndman, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber and Joseph A. Tringali, Assistant Attorney Generals, West Palm Beach, for appellee.

PER CURIAM.

Darnell Razz appeals his convictions for two counts of first-degree murder with a firearm while masked and one count of robbery with a firearm while masked. He argues, among other things, that the convictions should be reversed because the trial court erred in allowing a law enforcement officer to opine regarding the skin color of the perpetrators caught on a surveillance video depicting the crime. We agree and reverse and remand for new trial.

Razz was tried with his co-defendant, Robert Alvarez. Alvarez raised the same issue in his appeal, and this court reversed and remanded for new trial. *See Alvarez v. State*, 147 So. 3d 537 (Fla. 4th DCA 2014), *rev. denied*, No. SC14-309, 2014 WL 3767870 (Fla. July 30, 2014). In that opinion, we wrote the following:

> Even non-eyewitnesses may testify as to the identification of persons depicted or heard on a recording so long as it is clear the witness is in a better position than the jurors to

make those determinations. *See Johnson v. State*, 93 So. 3d 1066, 1069 (Fla. 4th DCA 2012) (holding no error in admission of detective's identification of defendant as individual in surveillance video where defendant changed his appearance after the event recorded in the video, and the detective had a personal encounter with the defendant shortly after the event and before he changed his appearance); *State v. Cordia*, 564 So. 2d 601, 601-02 (Fla. 2d DCA 1990) (finding that officers' identification of defendant's voice on a recording was admissible where officers had worked with defendant in the past and were familiar with his voice).

However, "[w]hen factual determinations are within the realm of an ordinary juror's knowledge and experience, such determinations and the conclusions to be drawn therefrom must be made by the jury." *Ruffin v. State*, 549 So. 2d 250, 251 (Fla. 5th DCA 1989) (finding the court erred in allowing three officers to identify defendant as the man in the videotape, where the officers were not eyewitnesses to the crime, did not have familiarity with Ruffin, and were not qualified as experts in identification); *see also Proctor v. State*, 97 So. 3d 313, 315 (Fla. 5th DCA 2012) (finding court erred in allowing officer to identify defendant as the perpetrator in a surveillance video where the officer was in no better position than the jury to make that determination); *Charles v. State*, 79 So. 3d 233, 235 (Fla. 4th DCA 2012) (finding court erred in allowing detective to testify that he could not identify the defendant as the person on the surveillance video the first time he watched it, but "he was later able to piece things together and identify the person in the video" as the defendant).

*Id.* at 542-43 (alteration in original).

In finding the court erred, we stated the following:

Here, during direct examination of the detective, the state asked the detective whether he could "ID anyone" and was "able to see their faces" on the video "with clarity to make an identification." The detective said "yes." The detective's testimony notwithstanding, no record evidence exists which indicates that the detective was in a better position than the jurors to view the highly inconclusive and indiscernible

2

surveillance video and enlarged stills and thereby determine the skin color and races of the perpetrators.

*Id.* at 543.

As in *Alvarez,* we find the error was not harmless. The state has not established beyond a reasonable doubt that the detective's testimony did not have an effect on the verdict. *See State v. DiGuilio*, 491 So. 2d 1129, 1138 (Fla. 1986). As for the other issues raised by Razz in this appeal, we find they are either moot, not preserved, or without merit.

*Reversed and remanded for new trial.*

CIKLIN, GERBER and LEVINE, JJ., concur.

*   *   *

***Not final until disposition of timely filed motion for rehearing.***