DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DALLAS SEYMOUR,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-2815

[March 16, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. 13009529CF10A.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Dallas Seymour was charged with manslaughter and possession of firearm by a convicted felon following an incident which resulted in the death of a tenant in Appellant's home. Appellant pled no contest to the possession of a firearm but took the manslaughter count to trial, where he was found guilty. Appellant now appeals the admission of certain pieces of evidence at his trial. Because we agree with Appellant that the trial court erred in admitting testimony that had been limited in pretrial proceedings, we reverse and remand for a new trial on the manslaughter charge.

## Background

Appellant rented out several rooms in his home and had several tenants living with him. On the night of the incident in question, some of the tenants, including the victim, were watching television with Appellant in the garage. According to the testimony at trial, Appellant picked up a gun and began to play with it. At some point, Appellant pointed the gun "up in the air" and it discharged, striking the victim in the left temple.

After shooting the victim, Appellant fled the home and was spotted by a witness at a laundromat roughly a block away.  The witness, who had heard the gunshot, stated that Appellant appeared to be holding something under his shirt as he ran down the road.  The witness added this object "looked like a pistol," but was ultimately unsure.

Officers from the Broward Sheriff's Office investigated the crime.  As part of this investigation, they obtained surveillance footage from a nearby business that showed Appellant running down the street with something held under his shirt.  The officers searched a storm drain approximately twenty feet from where the Appellant left the view of the surveillance footage and recovered a handgun.  This gun was loaded, but officers were unable to recover any DNA or fingerprints from the weapon.

Prior to trial, the State and Appellant agreed to a motion in limine that witnesses would not describe the object that was being carried under the Appellant's shirt as a firearm.  However, when the State played the surveillance recording for the jury, one of the officers testified that the video showed Appellant "running with a firearm that was being concealed under his shirt."  Appellant's objection to this statement was overruled.

Appellant was convicted of manslaughter and sentenced to twenty years in prison, followed by five years of probation.

**Analysis**

Appellant argues the trial court erred by:  (1) allowing the officer to testify that Appellant was holding a gun in the video; (2) admitting hospital photos of the victim; and (3) admitting the gun found by police into evidence.  We reverse on the first issue and affirm without discussion on the other two issues.

A trial court's ruling on the admissibility of evidence is reviewed for abuse of discretion, limited by the rules of evidence.  *Alvarez v. State*, 147 So. 3d 537, 542 (Fla. 4th DCA 2014).

Lay opinion testimony about what the witness perceived is limited to those opinions or inferences that meet two criteria.

> (1) The witness cannot readily, and with equal accuracy and adequacy, communicate what [the witness] has perceived . . . without testifying in terms of inferences or opinions and the witness's use of inferences or opinions will not mislead the

2

trier of fact to the prejudice of the adverse party; and
(2) The opinions and inferences do not require a special knowledge, skill, experience or training.

§ 90.701, Fla. Stat. (2013). "However, '[w]hen factual determinations are within the realm of an ordinary juror's knowledge and experience, such determinations and the conclusions to be drawn therefrom must be made by the jury.'" *Alvarez v. State*, 147 So. 3d 537, 542 (Fla. 4th DCA 2014) (alteration in original) (quoting *Ruffin v. State*, 549 So. 2d 250, 251 (Fla. 5th DCA 1989)).

In *Alvarez*, the State introduced a video showing the commission of the alleged crime. *Id.* at 539. The video, however, "did not give a clear or otherwise meaningful view of the skin color of either of the perpetrators." *Id.* Despite these shortcomings, an officer was asked if he could identify any of the persons in a video and responded that he could after rewatching the video "dozens, endlessly . . . probably fifty to seventy-five [times]." *Id.* at 540. We held this testimony was impermissible, as "no record evidence exists which indicates that the detective was in a better position than the jurors to view the highly inconclusive and indiscernible surveillance video and enlarged stills and thereby determine the skin color and races of the perpetrators." *Id.* at 543; *accord Charles v. State*, 79 So. 3d 233, 235 (Fla. 4th DCA 2012); *Proctor v. State*, 97 So. 3d 313, 315 (Fla. 5th DCA 2012); *Ruffin*, 549 So. 2d at 251.

In this case, it is impossible to definitively identify what Appellant is holding in the video played for the jury. The officer's observations were limited to what was captured on video — the same video that was available for the jury to watch. There was no record evidence that indicated the officer was in a better position than the jury to view the video and determine whether the object was a firearm. The officer was not qualified as a certified forensic technician or a witness that was proficient in the acquisition, production, and presentation of video evidence in court. He did not testify to any specialized training in video identification. As such, the officer's testimony constituted impermissible lay opinion that invaded the province of the jury to interpret the video.

Thus, the trial court erred in allowing the introduction of this statement. The error is particularly egregious, as all parties had agreed, before the trial, that there would not be "any interpretation [at trial] from the police officers of what they believe the video shows." Although the State argues that the officer's comment was acceptable because the officer was asked why the police searched the area where the firearm was found, it was not necessary to make note of what could only be speculation (that

it was a firearm concealed under the shirt).  In fact, another officer responded to a similar question that the area was searched because the police had recovered video surveillance that showed Appellant running down the street (toward where the gun was discovered) shortly after the victim was shot.

## Conclusion

The trial court erred by allowing the officer, over objection and in violation of the court's granting the motion in limine, to testify regarding his guess as to what (if anything) Appellant was seen in the video carrying under his shirt, when this determination was best left to the jury.  This error cannot be said to be harmless and, therefore, we reverse Appellant's manslaughter conviction and remand for a new trial on this count.

*Reversed and remanded for new trial.*

MAY, J., and SCHER, ROSEMARIE, Associate Judge, concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***