CIKLIN, Q.J.
The defendant appeals her conviction for criminal mischief. The sole issue raised on appeal is whether the trial .court erred in permitting the victim and .a law enforcement officer to identify the defendant in a surveillance video. Finding no error, we affirm.
The defendant was. caught by the victim’s surveillance camera scraping paint off of the victim’s car. The defendant owns a motel in Fort Lauderdale across the street from thé victim’s home.
At trial, the victim testified that she had met thé défendant before and had seen her for years since 2008, coming and going from her motel and around the neighborhood. When the surveillance video was played at trial, the victim testified that she knew the woman in the video was the defendant, as she has seen what the defendant looks like and the way she moves.
A detective for the City of Fort Lauder-dale Police Department also reviewed the video. He testified at trial that he has seen the defendant “thousands of times” over the years in matters involving her motel, knows what- she looks like, and has had the opportunity to see her move many times.' .He “immediately recognized” the woman in the video as the defendant.
On appeal, the defendant argues that the trial court erred in permitting the witnesses to opine that she is the woman depicted in the surveillance video because the determination of such facts is within the ordinary experience of jurors and therefore for the jury .alone to decide. The state argues that the trial court properly allowed the testimony of the witnesses with regard to the surveillance video because the evidence adduced at trial established that the two witnesses had seen the defendant many times- and were familiar *292 with her gait and physical characteristics. We agree with the state.
Section 90.701, Florida Statutes (2013), governs opinion testimony of lay witnesses and provides:
If a witness is not testifying as an expert, the witness’s testimony about what he or she perceived may be in the form of inference and opinion when:
(1) The witness cannot readily, and with equal accuracy and adequacy, communicate what he or she has perceived to the trier of fact without testifying in terms of inferences or opinions and the witness's use of inferences or opinions will not mislead the trier of fact to the prejudice of the objecting party; and
,(2) The opinions and inferences do not require a special knowledge, skill, experience, or training.
Simply put, “opinion testimony of a lay witness is only permitted if based on what the witness has personally perceived.” Nardone v. State, 798 So.2d 870, 873 (Fla. 4th DCA 2001).
Under some circumstances, however, a lay witness may provide identifications of persons in recordings:
Even non-eyewitnesses may testify as to the identification of persons depicted or heard on a recording so long as it is clear the witness is in a better position than the jurors to make those determinations. See Johnson v. State, 93 So.3d 1066, 1069 (Fla. 4th DCA 2012) (holding no error in admission of detective’s identification of defendant as individual in surveillance video where defendant changed his appearance after the event recorded in the video, and the detective had a personal encounter with the defendant shortly after the event and before he changed his appearance); State v. Cordia, 564 So.2d 601, 601-02 (Fla. 2d DCA 1990) (finding that officers’ identification of defendant’s voice on a recording was admissible where officers had worked with defendant in the past and were familiar with his voice).
Alvarez v. State, 147 So.3d 537, 542 (Fla. 4th DCA 2014).
Here, the victim and the detective were familiar with the defendant through multiple interactions leading up to the incident. The victim testified that she lived across the street from the defendant’s motel and had spoken with her and seen her coming and going for years. Similarly, the detective had interacted with the defendant numerous times in the past. Accordingly, it was clear at trial that both witnesses were in better positions than the jurors to identify the defendant in the video.
As demonstrated by the authority cited by the defendant, there are a number of instances in which Florida courts have held that it was error to allow a witness to make an identification of a person in a recording. This is because “[wjhen factual determinations are within the realm of an ordinary juror’s knowledge and experience, such determinations and the conclusions to be drawn therefrom must be made by the jury.” Ruffin v. State, 549 So.2d 250, 251 (Fla. 5th DCA 1989). However, the facts surrounding the identifications in those cases vary drastically from the ones at hand, because the identifying witness was not personally familiar with the defendant before viewing the video and making the identification. See, e.g., Edwards v. State, 583 So.2d 740, 741 (Fla. 1st DCA 1991) (finding error in allowing police officer to identify defendant in videotape absent predicate establishing familiarity with defendant or qualification as an expert in identification); Ruffin, 549 So.2d at 251 (holding police officers’ identification of defendant as man in videotape was error where officers did not witness the crime, lacked any special familiarity with defen *293 dant, and were not qualified as experts in identification). •
Because the witnesses here each had a special familiarity with the defendant, the trial court did not err in allowing them to identify her in the surveillance video.

Affirmed.

WARNER and KLINGENSMITH, JJ., concur.